IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ADAM HILL**                                                                                 **PLAINTIFF**
**ADC #601559**

v.                    Case No. 4:23-cv-1141-KGB-PSH

**DEXTER PAYNE,** *et al.*                                                        **DEFENDANTS**

## ORDER

Before the Court is the Proposed Findings and Partial Recommendation ("Recommendation") submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 58). Plaintiff Adam Hill has filed objections to the Recommendation (Dkt. No. 60). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, adopted in part, and denied in part, as this Court's findings (Dkt. No. 58). The Court denies Mr. Hill's motion for preliminary injunction and temporary restraining order against Payne and Straughn to stop the retaliation (Dkt. No. 48).

**I.**     **Background**

Mr. Hill, currently confined in the Arkansas Department of Correction's ("ADC") Tucker Unit, filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 2). Mr. Hill sued ADC Director Dexter Payne, ADC Chief Deputy Director Dale Reed, and ADC Deputy Directors William Straughn and Aundrea Culclager in their official and personal capacities (*Id.*, at 1–2). Mr. Hill filed a motion for temporary restraining order and preliminary injunction with regard to Mr. Payne and Mr. Straughn (Dkt. No. 48). Mr. Hill alleged that Mr. Payne and Mr. Straughn were "directing security staff . . . at the Tucker Unit to harass, threaten[] and retaliate against [him] for

filing [the] lawsuit." (Dkt. No. 48-1, at 2).  Mr. Payne and Mr. Straughn responded in opposition to Mr. Hill's motion for temporary restraining order and preliminary injunction (Dkt. No. 56).

## II.     Legal Standard

When determining whether to grant a motion for temporary restraining order or preliminary injunction, this Court considers:  (1) the likelihood of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between the harm to the movant and the injury that granting an injunction would cause other interested parties; and (4) the public interest.  *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) (quoting *Dataphase Sys. Inc. v. CL Sys.*, 640 F.2d 109, 114 (8th Cir. 1981)).  Preliminary injunctive relief is an extraordinary remedy, and the party seeking such relief bears the burden of establishing the four *Dataphase* factors.  *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).  The focus is on "whether the balance of the equities so favors the movant that justice requires the court to intervene to preserve the *status quo* until the merits are determined."  *Id.*

## III.    Analysis

The Court writes separately to address Mr. Hill's objections (Dkt. No. 60).  First, Judge Harris recommends that Mr. Hill's request for injunctive relief be denied because Mr. Hill seeks injunctive relief concerning claims that are not pending in this lawsuit (Dkt. No. 58, at 2–4).  Judge Harris concluded that, "[b]ecause Hill's allegations regarding recent incidents of possible retaliation by non-parties are separate and distinct from his claims in this lawsuit, they must be made in a separate lawsuit, after he exhausts his administrative remedies." (*Id.*, at 3–4).  Mr. Hill objects and asserts that, because Lieutenant Atkins told him to "talk to Straughn" and that he "like[s] to sue people" when Lieutenant Atkins took his jacket, "it is clear that Mr. Straughn had to tell her to do this." (Dkt. No. 60, at 2).

While the Court agrees with Judge Harris that some of the adverse actions Mr. Hill claims he suffered in justification for the injunctive relief he currently seeks are separate and distinct from the claims in this lawsuit, at least one of the alleged adverse actions is related to the claims pending in this lawsuit.  Specifically, the alleged adverse action by Lieutenant Atkins as identified by Mr. Hill in his objection is related to the claims in this suit.  In his complaint, Mr. Hill states:  "This [l]awsuit is against the ADC defendants for all participating together to retaliate against [me] in several different ways for my appropriate use of the inmate grievance procedure." (Dkt. No. 2, at 7).  Mr. Hill then cites several different lawsuits he has filed and details the alleged retaliatory actions he suffered as a result of his use of the inmate grievance procedure and legal process (*Id.*, at 7–17).  Thus, the Court construes Mr. Hill's current complaint to seek relief for the defendants' joint retaliatory actions in response to his use of both the inmate grievance procedure and legal process.

Here, Mr. Hill seeks injunctive relief, in part, because he claims Mr. Straughn "is directing security staff here at Tucker Unit to harass, threaten[], and retaliate" against him for filing this lawsuit along with grievances as part of the prison's inmate grievance process (Dkt. No. 48-1, at 2) — which is also what Mr. Hill alleged in his complaint (Dkt. No. 2, at 7).  Therefore, the Court finds that Mr. Hill's allegation that Lieutenant Atkins retaliated against him at the direction of Mr. Straughn is sufficiently related to Mr. Hill's underlying claims in this action against Mr. Straughn.  Thus, the Court declines to deny Mr. Hill's motion for preliminary injunction and temporary restraining order against Payne and Straughn to stop the retaliation on these grounds (Dkt. No. 48).  To this extent, the Court declines to adopt the Recommendation.

Second, Judge Harris concludes that the *Dataphase* factors courts weigh to determine if injunctive relief is appropriate weigh against granting Mr. Hill's request for injunctive relief (Dkt.

3

No. 58, at 4). Specifically, Judge Harris recommends that this Court find: (1) Mr. Hill did not allege specific acts of retaliation by Mr. Payne and Mr. Straughn; (2) Mr. Hill's allegation that the alleged retaliatory actions taken against him were taken at the direction of Mr. Payne and Mr. Straughn is speculative and insufficient to support a retaliation claim; and (3) Mr. Hill's allegation fails to establish that he is likely to suffer an injury without the requested injunctive relief (*Id.*, at 5).

Mr. Hill's objections do not adequately address Judge Harris's findings with respect to the *Dataphase* factors. Rather, Mr. Hill's objections focus on the alleged adverse actions suffered (Dkt. No. 60, at 2–3). Further, Mr. Hill represents that he is "scared to file anymore lawsuits or grievances," but he does not explain why; instead, Mr. Hill states, "look at my case and you will know why." (*Id.*, at 3). Mr. Hill further claims that that the retaliatory actions taken by defendants will worsen (*Id.*).

Upon a *de novo* review of the record, including the Recommendation, the Court finds that Mr. Hill's objections break no new ground and fail to rebut the Recommendation with respect to the *Dataphase* factors. Thus, the Court agrees with the Recommendation with regard to the *Dataphase* factors; injunctive relief is not appropriate.

### IV.     Conclusion

For these reasons, the Court adopts in part, and declines to adopt in part, the Recommendation (Dkt. No. 58). The Court declines to adopt the portion of the Recommendation that recommends this Court deny Mr. Hill's request for injunctive relief because Mr. Hill seeks injunctive relief concerning claims that are not pending in this lawsuit (*Id.*, at 2–4). The Court adopts, however, the portion of the Recommendation that concludes that the *Dataphase* factors weigh against granting Mr. Hill's request for injunctive relief (*Id.*, at 4). Therefore, the Court

denies Mr. Hill's motion for preliminary injunction and temporary restraining order against Payne and Straughn to stop the retaliation (Dkt. No. 48).

It is so ordered this 20th day of February, 2025.

                                                                Kristine G. Baker
                                                                Chief United States District Judge